IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOISA LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-04177 |
| | § | |
| CAMAC INTERNATIONAL | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending are Defendant CAMAC International Corporation's ("CAMAC") Motion for Summary Judgment (Document No. 44) and Plaintiff Toisa Limited's ("Toisa") Motion to Preclude Testimony of CAMAC's Expert Witness (Document No. 43). After carefully considering the motions, responses, replies, and applicable law, the Court concludes as follows.

## I. Motion for Summary Judgment

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The summary judgment record here is replete with conflicting evidence on, among other things, the delineation of the main terms of the proposed charter party,

whether the main terms were agreed by the parties, whether the parties were negotiating in a two-step process such as to permit the formation of a binding fixture and, if so, whether the parties mutually agreed to the main terms for formation of a charter party fixture, whether the parties intended that all terms must be set out in a written charter party, and signed by both parties, before either party was bound, whether there were other unfulfilled conditions precedent, and whether Stephen Hill had actual or apparent authority to negotiate a charter party on behalf of CAMAC. In a word, because genuine issues of material fact are present, Defendant CAMAC's Motion for Summary Judgment must be denied.

## II.  Motion to Preclude Expert Witness Testimony

### A.  Legal Standard

The admissibility of expert testimony is governed by Fed. R. Evid. 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2

Rule 702 and the principles announced in Daubert v. Merrell Dow Pharms., Inc., 113 S. Ct. 2786 (1993), apply to technical or specialized expert testimony. *See* Kumho Tire Co., Ltd. v. Carmichael, 119 S. Ct. 1167, 1171 (1999); Black v. Food Lion, Inc., 171 F.3d 308, 310 (5th Cir. 1999).

The district court has a "gate-keeping" role when determining the admissibility of expert testimony. *See* Seatrax, Inc. v. Son-beck Int'l, Inc., 200 F.3d 358, 371 (5th Cir. 2000). The court must determine whether an expert is qualified and whether his testimony is reliable and relevant. The purpose is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 119 S. Ct. at 1176. The Daubert inquiry is always fact-specific. *See* Black, 171 F.3d at 311.

Whether an expert is qualified depends on if the witness has "such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." United States v. Hicks, 389 F.3d 514, 524 (5th Cir. 2004) (quoting United States v. Bourgeois, 950 F.2d 980, 987 (5th Cir. 1992)), *cert. denied*, 126 S. Ct. 1022 (2006); *see also* Taylor Pipeline Constr., Inc. v. Directional Road Boring, Inc., 438 F. Supp. 2d 696, 705 (E.D. Tex. 2006). "Whether a

3

witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." Carroll v. Otis Elevator Co., 896 F.2d 210, 212 (7th Cir. 1990); *see also* Houston-Hines v. Houston Indep. Sch. Dist., No. H-04-3539, 2006 WL 897209, at *2-3 (S.D. Tex. Apr. 4, 2006) (Atlas, J.); Copley v. Smith & Nephew, Inc., No. H-97-2910, 2000 WL 223404, at *3-4 (S.D. Tex. Feb. 2, 2000) (Atlas, J.); Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999).

An expert's testimony does not always have to be based on scientific testing; it can be based on personal experience. *See* Kumho Tire, 119 S. Ct. at 1175-76. However, an expert's self-proclaimed accuracy is insufficient. *See* Gen. Elec. Co. v. Joiner, 118 S. Ct. 512, 519 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998) (en banc), *cert. denied*, 119 S. Ct. 1454 (1999). Whether an expert's testimony is reliable requires "an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid." Curtis v. M&S Petroleum, Inc., 174 F.3d 661, 668 (5th Cir. 1999). "The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible." Houston-Hines, 2006 WL

4

897209, at \*3 (citing <u>Moore</u>, 151 F.3d at 276). *See also* <u>Daubert</u>, 113 S. Ct. at 2796 n.10 (under FED. R. EVID. 104(a), the proponent of expert testimony must establish the witness's qualifications by a preponderance of proof); <u>United States v. Griffith</u>, 118 F.3d 318, 322 (5th Cir. 1997) (same). "The party offering the challenged expert opinions need not, however, prove that the expert's testimony is correct." <u>Houston-Hines</u>, 2006 WL 897209, at \*3 (quoting <u>Moore</u>, 151 F.3d at 276). The focus of the inquiry is not upon the substance of ultimate conclusions reached, but instead upon the "principles and methodology" used to reach those conclusions. <u>Daubert</u>, 113 S. Ct. at 2797.

B.   <u>Analysis</u>

Plaintiff challenges the testimony of Defendant's expert witness, Professor Jeffrey Weiss, on the grounds that it "(i) is unreliable and inadequately supported by any proper analytical methodology, (ii) usurps the Court's role of rendering conclusions of law by purporting to render opinions on the applicable law concerning contract formation in maritime cases, and (iii) intrudes upon the Court's role as fact-finder by purporting to render 'findings' on issues of disputed fact."[1]

---

[1] Document No. 43 at 9. Professor Weiss appears well qualified to testify as an expert on charter party practice. In addition to his having had practical experience in the industry, he has been a professor at the State University of New York ("SUNY") Maritime College for over twenty years, teaching courses such as

Plaintiff argues that Professor Weiss's testimony is unreliable because he does not articulate a methodology or process for deriving his opinions.[2]  The testimony and opinions elicited from Professor Weiss, however, are based upon his education, knowledge, and years of experience in a specialized trade practice requiring expertise on the subject of charter parties.  Defendant correctly points out that this kind of expertise is not based on "any complex methodology or scientific tests."[3]  Professor Weiss in his report, moreover, does not offer unreasoned conclusory statements but draws upon his specialized knowledge to explain the reasons and bases for his conclusions.  Defendant does not have to prove that Professor Weiss's opinions are correct in order for them to be admitted.  *See* Houston-Hines, 2006 WL 897209, at *3 (quoting Moore, 151 F.3d at 276).  Furthermore, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned to that opinion rather than its *admissibility* . . . ."  Primrose Op. Co. v. Nat'l Am. Ins. Co., 382

---

"Charter Parties I" and "Charter Parties II."  For the last eleven years, he has also taught courses for the Association of Shipbrokers and Agents (USA), Inc. on charter party practice, among other topics.  Professor Weiss has also provided advice on charter parties and charter party arbitration to clients as a private attorney for over twenty years.  Id. at ex. A-1.  Professor Weiss's testimony addresses a field of specialized knowledge to which his experience and expertise directly apply.

   [2] Id. at 10.

   [3] Document No. 48 at 8.

F.3d 546, 562 (5th Cir. 2004) (quoting <u>United States v. 14.38 Acres</u>
<u>of Land, More or Less Situated in Leflore County</u>, 80 F.3d 1074,
1077 (5th Cir. 1996)).

Plaintiff specifically objects to Professor Weiss's statement:
"Despite their efforts to enter into a contract, I have the firm
opinion that no contract was concluded.  This is because agreement
was not reached on numerous terms that were no doubt main or
essential terms."[4]  Fed. R. Evid. 704 mandates that, "testimony in
the form of an opinion or inference otherwise admissible is not
objectionable because it embraces an ultimate issue to be decided
by the trier of fact."  Fed. R. Evid. 704.  However, expert
witnesses are not allowed to "render conclusions of law."  <u>Snap-</u>
<u>Drape, Inc. v. C.I.R.</u>, 98 F.3d 194, 198 (5th Cir. 1996) (citing
<u>Aldread v. City of Grenada</u>, 988 F.2d 1425, 1436-37 (5th Cir.
1993)); <u>Owen v. Kerr-McGee Corp.</u>, 698 F.2d 236, 240 (5th Cir.
1983)).  The central legal issue in this case is whether a
contract, specifically a charter party, was formed between the
Plaintiff and Defendant.  Plaintiff is correct that Professor
Weiss's conclusion that a charter party was not formed constitutes
an impermissible legal conclusion and, accordingly, it will not be

---

[4] <u>Id.</u> at 5.  Although not cited by Plaintiff, Professor Weiss
also repeats his conclusion at the end of his testimony: "I have
the opinion that there was no charter party agreement for the Toisa
Proteus."  <u>Id.</u> at 6.

received in evidence.[5]   His further statement, that an agreement was not reached on the main or essential terms, is not an impermissible legal conclusion even though it reaches an "ultimate issue to be decided by the trier of fact."   Fed. R. Evid. 704. This distinction is consistent with the example given in the Advisory Committee notes to Fed. R. Evid. 704, which distinguishes the impermissible question, "Did T have capacity to make a will?" from the permissible question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?"   *See also* <u>Owen v. Kerr-McGee Corp.</u>, 698 F.2d at 240 (citing same).

### III.  <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendant CAMAC International Corporation's Motion for Summary Judgment is DENIED, and Plaintiff Toisa Limited's Motion to Preclude Testimony of CAMAC's Expert Witness is

---

[5] *See e.g.*, <u>Majestic Marine Co. v. Atkinson & Mullen Travel, Inc.</u>, 2005 WL 6718792 at *2 (E.D. Pa. March 1, 2005)("Because [the expert] had sufficient experience and knowledge in the shipping industry, he was found qualified to testify as an expert on the process of arranging ship charters, including an explanation of fixtures.   However, he was not permitted to testify that the documents exchanged in this case did constitute a fixture because he would have been giving a legal conclusion, specifically, that a contract was made . . .").

GRANTED IN PART, as to Weiss's testimony concluding that a charter party was not formed, and the motion otherwise is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED in Houston, Texas, this **30** $\frac{TH}{}$ day of November, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

9